GREMILLION, Judge.
hln this tort action, Bash Fisher appeals the summary judgment granted to the Ca-tahoula Parish Police Jury (the police jury) that dismissed his action. For the reasons that follow, we affirm.
FACTS
Mr. Fisher’s Petition for Damages alleges that he was injured on February 1, 2011. He was incarcerated at the Cata-houla Parish jail, located in the Catahoula Parish Courthouse. The courthouse was heated by a gas-fired furnace, which Mr. Fisher alleged was old and had been poorly maintained. As a trusty, Mr; Fisher was charged with keeping the furnace lit and operating. He and another trusty, Mr. Marcus McCarthy, were attempting to relight the pilot light, which kept blowing out due to “faulty equipment and drafts in the building.” On the date of the incident, Mr. Fisher was lighting the pilot on the furnace as he had many times before, when a jet of flame shot up from an area above the pilot. The . gas exploded, allegedly causing Mr. Fisher injury. He sued the Catahoula Parish Police Jury, owner and custodian of the courthouse; the Cata-houla Parish Sheriff, James Kelly, which he incorrectly named as the “Catahoula Parish Sheriffs Office”; the State of Louisiana, through the Department of Public Safety and Corrections; and Peerless Heater Company.
The police jury answered denying the allegations. It thereafter filed a Motion for Summary Judgment in which it maintained that it had no notice of any defect in the furnace in question; accordingly, by virtue of La.R.S. 9:2800, it was not liable, and that, pursuant to the terms of La.R.S. 15:708(H), inmates participating in an inmate labor program are denied a cause of action for injuries received in the course of participation in such programs absent a showing of | intentional or grossly negligent conduct on the part of the sheriff or parish. The police jury supported its motion with the depositions of Mr. Fisher and Mr. McCarthy, and the affidavit of Ms. Patti Mizzel, the police jury’s Secretary-Treasurer.
Mr. Fisher opposed the motion with his own affidavit; the affidavit of Mr. McCarthy; a report from the Catahoula Parish Sheriff; a service report from a technician from ACA; the report of the Harrisonburg Volunteer Fire Department; the deposition of Ms. Mizzel; the deposition of Ms. *323 Libby Ford, President of the Catahoula Parish Police Jury; the deposition of Cata-houla Parish Sheriff James Kelly; and the deposition of Mr. Lloyd Montpelier, Warden of the Catahoula Parish jail.
The trial court granted summary judgment in favor of the police jury and the sheriff. Mr. Fisher only appealed the judgment in favor of the police jury.
ASSIGNMENTS OF ERROR
Mr. Fisher’s assignments of error read as follows:
Trial court erred in granting the motion for summary judgment by the police jury defendant finding that the police jury was immune from suit pursuant to La R.S. 15:507.
Trial court erred in granting the motion for summary judgment by the police jury defendant finding that there was no proof of a defect in the furnace that exploded nor that the police jury had notice of the defect as mandated by La R.S. 9:2800.
ANALYSIS
Courts of appeal review summary judgments de novo applying the same analysis as the trial court. Schroeder v. Bd. of Supervisors of La. State Univ., 591 So.2d 342 (La.1991). Summary judgment is governed by La.Code Civ.P. arts. 966 and 967. Article 966 provides that while the burden of proving entitlement to summary judgment rests with the mover, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary |.judgment, the mover’s burden does not require him to negate all essential elements of the adverse party’s claim, action or defense, but rather to point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. Hardy v. Borne, 98-2821 (La.9/8/99), 744 So.2d 606.
Berard v. Home State County Mut. Ins. Co., 2011-1372, p. 2 (La.App. 3 Cir. 5/9/12), 89 So.3d 470, 471-72.
As a general rule, a public entity is liable for damages caused by the conditions of buildings within its custody and control, but proof of actual or constructive notice of the particular vice or defect that caused injury is required to maintain a cause of action. La.R.S. 9:2800. Louisiana Revised Statutes 9:2800(A) provides, “A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody.” Louisiana Civil Code article 2317, in turn, provides, “We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.” Among those modifications is La. Civ.Code art 2317.1, which governs liability for ruin, vice, and defect of things within one’s custody, and which requires proof of actual or constructive notice. This interpretation of La.R.S. 9:2800(A) is bolstered by another “modification” of La.Civ.Code art. 2317, found in La.Civ.Code art. 2322, which reads (emphasis added):
The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only *324 upon a showing that he knew or, in the \4exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
A public entity is deemed to have constructive notice if the defect existed for such a period of time that it should reasonably have discovered it. Jagneaux v. Lafayette City-Parish Consol. Gov’t Parks and Recreation, 13-768 (La.App. 3 Cir. 12/11/13), 128 So.3d 681.
Mr. Fisher testified that he had no knowledge of .any complaints about the heater before the February 1, 2011 incident, and he has no reason to believe that the police jury had knowledge that the furnace would malfunction. He had performed the same procedure for lighting the furnace several times before and experienced no problem.
Mr. McCarthy had no previous experience lighting the pilot. He has no knowledge of any previous problems with the furnace, other than a statement by Ms. Mizzel that the pilot blows out when a set of double doors in the area are opened. He attempted to light the pilot first, by igniting a piece of newspaper and holding it near the pilot. When that did not work, Mr. Fisher told Mr. McCarthy that he would try. The explosion followed Mr. Fisher’s attempt to light the pilot.
Ms. Mizzel’s affidavit indicates that as the secretary-treasurer of the police jury, she was not aware of any problems with the furnace. She had never received any complaints about the furnace. The furnace was regularly inspected before this incident, with no problems noted.
These exhibits to the police jury’s motion establish an absence of material fact regarding two elements of Mr. Fisher’s case: proof of a vice or defect and factual or constructive notice. By the terms of La.Code Civ.P. art. 966(C)(2), the burden of producing evidence sufficient to establish that he would be able to satisfy his burden of proof at trial shifted to Mr. Fisher.
The trial court found that Mr. Fisher failed to prove the existence of a vice or defect that posed an unreasonable risk of harm, that Mr. Fisher failed to demonstrate that the police jury had actual or constructive notice of any defect, and that the police jury was immune to liability pursuant to La.R.S. 15:708.
All that is necessary to affirm the trial court’s judgment is the absence of factual support for one essential element of Mr. Fisher’s claim. Actual or constructive notice of a defect is conspicuously absent from this case. Mr. Fisher has utterly failed to point out any factual support for the' proposition that any defect in the furnace existed for any length of time. All Mr. Fisher has argued is that he was instructed to engage in lighting the boiler, which he claims is an ultra-hazardous activity. Thus, he argues, the police jury should not be immune under La.R.S. 15:708, because instructing him to light the furnace amounted to gross negligence.
The problem with this argument is that it ignores the most fundamental issue in the case, the police jury’s liability for the alleged defect. Without liability, there is no need to invoke immunity from that liability. And Mr. Fisher has failed to cross that threshold. In an attempt to cross the threshold, Mr. Fisher has argued that we should apply the doctrine of res ipsa loquitur. We decline to apply the doctrine.
*325 The doctrine of res ipsa loquitur is intended to allow a plaintiff to rely on circumstantial evidence to create an inference of negligence on the part of the defendant. Cangelosi v. Our Lady of the Lake Reg’l Med. Ctr., 564 So.2d 654 (La.1989). In light of ordinary experience, the event must be of such a nature that it could only have resulted from someone’s negligence. Id. “[T]he plaintiff does not have to eliminate all other causes or inferences, but must present evidence which indicates at least a probability that the injury would not have occurred without negligence.” Id. at 666.
The doctrine of res ipsa loquitur, though, only addresses the issue of standard of conduct by a defendant. It fails to address the issue of actual or constructive notice. This cannot be presumed, except as La.R.S. 9:2800 allows; that is, knowledge or notice is presumed if the defect has existed for such a period of time that the police jury should reasonably have discovered it.
Mr. Fisher further argues that his submissions, particularly his affidavit, that of Mr. McCarthy, the report of ACA and that of the Harrisonburg Volunteer Fire Department. The ACA report states, under a section entitled “Notes about the Fire,” “Someone attempting to re-ignite the furnace. Gas must have built up in the furnace and ignited causing an explosion and damage to the furnace.”
The ACA report, in describing the “Repair Procedure,” states:
Arrived and meet [sic] w/ personnel and cut gas off to boiler. Than had city to turn off gas on [sic] to building. Made certain gas off to boiler and then restarted water heater. Possible reason is pilot was out and valve was stuck, open. This caused boiler chamber to fill with gas, causing it to explode when tried to relite [sic].
These two reports, Mr. Fisher argues, created a genuine issue of material fact regarding the existence of a defect in the boiler. These two exhibits pose a difficulty for the court.
Louisiana Code of Civil Procedure article 966(B)(2) provides, in pertinent part (Emphasis added):
|7The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
It has long been recognized that unsworn and unverified documents do not warrant consideration in determining a motion for summary judgment, because they do not constitute admissible evidence. Swido v. Lafayette Ins. Co., 04-1674, (La.App. 3 Cir. 11/2/15), 916 So.2d 399, writ denied, 05-2509 (La.3/31/06), 925 So.2d 1261.
However, 2013 La. Acts No. 391 amended La.Code Civ. P. art. 966(F)(2) and (3) to provide that evidence attached to a motion for summary judgment or memorandum in support or opposing such a motion “is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection[.]” Such objections must be raised in a memorandum or motion to strike. That act did not amend Subsection (B)(2). This conflict within article 966 raises the question of whether these two exhibits should be considered at all; clearly, before Act 391, they would not have been.
The affidavits of Mr. Fisher and Mr. McCarthy pose a similar issue. In their affidavits, the two men stated, “Two weeks after the explosion an insurance company adjuster came to the courthouse and I did *326 a walkthrough with him to show and explain what happened. He inspected the furnace and said a big valve on the furnace was leaking and the emergency switch was not working.” Louisiana Code of Civil Procedure article 667(A) provides that supporting and opposing affidavits must be based upon personal knowledge and demonstrate that the affiant is competent to testify on the matters stated therein. The statement of an insurance adjuster repeated by Mr. Fisher and Mr. McCarthy constitutes hearsay and is not based upon personal knowledge. Further, opinions on the facts must be expressed | sin accordance with La.Code Evid. art. 702 governing expert testimony. La.Code Civ.P. art. 967(A). The insurance adjuster is not even named, much less shown to be qualified to express such opinions.
While these questions create an interesting intellectual exercise for the civilian scholar, they are of no moment in the present case. It was incumbent upon Mr. Fisher to produce evidence' that the police jury knew of a defect or that the defect existed for such a period of time that the police jury should have known of it. No such evidence was submitted.
CONCLUSION
There is no proof that the Catahoula Police Jury knew or should have known of any alleged defect in the furnace prior to the incident of February 1, 2011. Accordingly, the judgment of the trial court dismissing the demand of Basil Fisher against the Catahoula Parish Police Jury is affirmed. All costs of this appeal are taxed to Plaintiff/ Appellant, Basil Fisher.
AFFIRMED.
COOKS, Judge, dissents and assigns written reasons.