# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-401


**SUMMER HUNTER**

**VERSUS**

**LAFAYETTE CONSOLIDATED GOVERNMENT**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2013-5767-E
HONORABLE MICHELLE M. BREAUX, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and David Kent Savoie, Judges.


**AFFIRMED.**


**J. Clemille Simon**
**Attorney at Law**
**P. O. Box 52242**
**Lafayette, LA 70505**
**(337) 232-2000**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Summer Hunter**

**George Joseph Armbruster, III**
**Armbruster & Associates, APLC**
**332 East Farrel Road, Suite D**
**Lafayette, LA 70508**
**(337) 889-5511**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Lafayette Consolidated Government**

**Carl Joseph Rachal**
**122 Representative Row**
**Lafayette, LA 70508**
**(337) 232-2000**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Summer Hunter**

**SAUNDERS, Judge.**

Summer Hunter (hereinafter "Appellant") appeals from the trial court's grant of summary judgment in favor of Lafayette Consolidated Government (hereinafter "Appellee"). For the reasons that follow, we affirm the trial court's grant of summary judgment.

**FACTS AND PROCEDURAL HISTORY**

On November 15, 2012, Summer Hunter was an inmate at Lafayette Parish Correctional Facility. She was being escorted to the courthouse across the street by a deputy for the Lafayette Parish Sheriff's Office. She was handcuffed and shackled at her legs. When the leg shackles became caught on the expansion joint between sidewalk slabs, she fell and fractured her ankle.

On November 13, 2013, Appellant filed a petition for damages against Appellee, amongst other defendants not now parties to this action, for the personal injuries sustained in the fall. On November 19, 2014, Appellee filed a motion for summary judgment asserting that Appellee "had no notice of any potential problems with the subject sidewalk until after the incident occurred" and, thus, that Appellant could not meet her burden of proof under La.R.S. 9:2800.

In support of its motion for summary judgment, Appellee submitted the affidavit of Brian Smith, Street Superintendent for Appellee. In his affidavit, he testified that Appellee had no notice of the sidewalk defect. After a hearing, the district court granted Appellee's motion for summary judgment and dismissed Appellant's suit, reasoning:

> the law is basically that the city or cities must keep sidewalks reasonably safe but maintained and in -- perfect condition is not necessary. And there is no proof today -- there is proof that, the affidavit that was submitted, the City was not aware of the defect. I have no proof before me that this can be proven and basically all there is is a fishing expedition that may happen. So with what I have in

front of me today, I would grant the motion for summary judgement [sic].

## ASSIGNMENTS OF ERROR

In appealing the trial court's grant of summary judgment, Appellant asserts the trial court erred in:

1) failing to find that there was a genuine issue of material fact pertaining to whether Appellee had notice of the defect sufficient to preclude summary judgment; and

2) failing to allow Appellee additional time to conduct discovery prior to granting the motion.

## STANDARD OF REVIEW

An appellate court reviews a trial court's grant of summary judgment de novo. *Covington v. McNeese State Univ.*, 08-505 (La.App. 3 Cir. 11/5/08), 996 So.2d 667, *writ denied*, 09-69 (La. 3/6/09), 3 So.3d 491. "The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. . . . The procedure is favored and shall be construed to accomplish these ends." La.Code Civ.P. art. 966(A)(2). A motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for the purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2). Generally, the movant bears the burden of proof on the motion. La.Code Civ.P. art. 966(C)(2).

> However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails

2

to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

La.Code Civ.P. art. 966(C)(2); *Thibodeaux v. Lafayette Gen. Surgical Hosp., LLC*, 09-1523 (La.App. 3 Cir. 5/5/10), 38 So.3d 544.

As our supreme court explained in *Smitko v. Gulf South Shrimp, Inc.*, 11-2566, pp. 7-8 (La. 7/2/12), 94 So.3d 750, 755:

> A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Hines v. Garrett*, 04-0806, p. 1 (La.6/25/04), 876 So.2d 764, 765 (*per curiam*)(citing *Smith v. Our Lady of the Lake Hosp., Inc.*, 93–2512, p. 27 (La.7/5/94), 639 So.2d 730, 751). A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Hines*, 876 So.2d at 765–66.

**ASSIGNMENT OF ERROR NUMBER ONE**

In her first assignment of error, Appellant alleges the trial court erred in granting summary judgment in favor of Appellee, asserting that the trial court should have found a genuine issue of material fact existed pertaining to whether or not Appellee had actual or constructive notice of the alleged defect. In support of this assignment of error, Appellant notes that, within one month of her fall, Appellee repaired the sidewalk. Appellant asserts this could mean that either the repair was done in response to Appellant's fall or that the repair was planned at the time of Appellant's fall, and therefore a material issue of fact exists as to Appellee's notice of the defect. In further support of this assignment, Appellant asserts "that the fact that the sidewalk in question was on the premises of a public, governmental business[] gives inference to the presumption that defendant had constructive notice of the defect." For the following reasons, we find this assignment of error to lack merit.

## Applicable Law

Louisiana Civil Code Article 2317 provides:

> We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.

Louisiana Civil Code Article 2317.1 further provides, in pertinent part:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

Further, La.R.S. 9:2800 limits the liability of a public body, providing, in

pertinent part:

> A. A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody.
>
> . . . .
>
> C. Except as provided for in Subsections A and B of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
>
> D. Constructive notice shall mean the existence of facts which infer actual knowledge.

When a plaintiff seeks damages under

> La.Civ.Code art. 2317 and La.R.S. 9:2800 . . . the plaintiff bear[s] the burden of establishing that: (1) [defendant] had custody of the thing that caused the plaintiff's injuries or damages; (2) the thing was defective because it had a condition that created an unreasonable risk of harm; (3) [defendant] had actual or constructive knowledge of the defect and did not take corrective measures within a reasonable time; and (4) the defect in the thing was a cause-in-fact of the plaintiff's injuries.

*Davis v. State ex rel. Dep't. of Transp. & Dev.*, 11-625, p. 9 (La.App. 3 Cir. 11/2/11), 78 So.3d 190, 196, *writ denied*, 11-2681 (La. 2/10/12), 80 So.3d 488. "A public entity is deemed to have constructive notice if the defect existed for such a period of time that it should reasonably have discovered it." *Fisher v. Catahoula Parish Police Jury*, 14-1034, p. 4 (La.App. 3 Cir. 4/29/15), 165 So.3d 321, 324.

**Analysis**

In his affidavit, Brian Smith testified:

2) I am responsible for maintenance of streets, sidewalks, curbing, bridges, gravel roads, ground maintenance, and tree trimming for all city/parish rights of ways.

3) I was not aware of any potential problems with the city sidewalks located at 916 Lafayette Street in the City of Lafayette, Lafayette Parish, Louisiana that allegedly caused injury to Summer Hunter until after the alleged incident took place on 11/15/12. A complaint regarding an expansion joint on the sidewalk located at 916 Lafayette Street was received by my office on 11/16/12.

4) The policies of my department are that any defects or problems are to be reported immediately and which come to the attention of City-Parish employees must be documented and then repaired.

5) I have personally reviewed the written file pertaining to the alleged injury, located at 916 Lafayette Street in Lafayette, Louisiana, as regards to defects or problems with the city sidewalks and have found no evidence that any City-Parish employee was aware of any problems with the sidewalks located at 916 Lafayette Street that allegedly caused injury to Summer Hunter until after the alleged incident took place.

6) Based upon my personal knowledge and the documents available to me, there is no evidence known to me to exist which indicates my department had any notice of a problem or defect with the city sidewalks located at 916 Lafayette Street until after the alleged incident took place.

Mr. Smith's affidavit shows that at least one element of Appellant's claim, the requirement of actual or constructive notice, is lacking factual support. Thus, to preclude summary judgment, Appellant must come forward with evidence sufficient to establish that she would be able to satisfy her burden of proof at trial.

The record noticeably lacks any evidence that Appellee had actual or constructive knowledge. Appellant has failed to direct us to any evidence that Appellee had actual notice. Appellant suggests that, because the sidewalk was repaired shortly after the fall, a genuine issue of material fact exists because it can be inferred either that the repair was already planned or that it was done in response to Appellant's fall. However, Appellant presents no evidence that repair was already planned.

Moreover, Appellant presents no evidence in opposition to the motion indicating that she would be able to prove at trial the element of constructive notice. Although a public entity is deemed to have constructive notice when a defect existed for a long period of time, Appellant fails to point out any evidence that the defect at issue in this case actually existed for any substantial length of time. The mere fact that such a defect existed on governmental premises is insufficient to create a genuine issue of material fact as to whether constructive notice existed. Such an interpretation would be wholly inconsistent with the text of the statute, which requires more than simple care and custody of the defective premises. To hold that mere custody is sufficient to infer that a public entity had knowledge of the defect is an evisceration of the notice requirement of La.R.S. 9:2800. Without some evidence of actual or constructive notice, we must affirm the trial court's grant of summary judgment.

**ASSIGNMENT OF ERROR NUMBER TWO**

Appellant asserts in her second assignment of error that the trial court erred in failing to grant her additional time to conduct discovery prior to ruling on the motion. We find this assignment to lack merit.

Appellant filed suit on November 13, 2013. Appellee's motion for summary judgment was filed on November 19, 2014. The hearing on the motion took place

January 20, 2015, fourteen months after suit was filed. Appellant propounded no discovery during this time and did not move for a continuance of the hearing.

As we explained in *Gunter v. Jefferson Davis Parish*, 11-1018, pp. 4-5 (La.App. 3 Cir. 2/1/12), 84 So.3d 705, 708:

> Louisiana Code of Civil Procedure Article 966(A)(1) provides that a defendant may move for summary judgment "at any time." Further, La.Code Civ.P. art. 966(C)(1) provides that "[a]fter adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law shall be granted."
>
> > The provision for adequate discovery does not grant a party an absolute right to delay a decision on a motion for summary judgment until all discovery is complete. *West v. Watson*, 35,278 (La.App. 2 Cir. 10/31/01), 799 So.2d 1189, *writ denied*, 01–3179 (La.2/8/02), 809 So.2d 140. Unless the party opposing the motion for summary judgment shows a probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there are no genuine issues of fact. *Advance Products & Systems, Inc. v. Simon*, 06–609 (La.App. 3 Cir. 12/6/06), 944 So.2d 788, *writ denied*, 07–26 (La.3/9/07), 949 So.2d 444. The abuse of discretion standard is used to determine if the trial court allowed adequate time for discovery. *Id.*

Appellee's motion was filed over one year after suit was originally filed. A hearing on the motion did not take place until more than fourteen months after suit was filed. Appellant propounded no discovery during this time. No continuance of the hearing on the motion was sought. Although Appellant asserts that her incarceration during the pendency of the suit prevented her from being able to assist counsel, Appellant fails to explain how her incarceration prevented her counsel from communicating with her and propounding discovery. In light of the fact that Appellant propounded no discovery during the pendency of suit, yet failed to file a motion for a continuance of the hearing on the motion, we find no merit to Appellant's assertion that she had inadequate time to conduct discovery. Thus, the trial court did not err in granting summary judgment in favor of Appellee.

**FRIVOLOUS APPEAL**

In timely answering the appeal, Appellee requested that this court award it damages for frivolous appeal. For the reasons that follow, we decline to make such an award.

Louisiana Code of Civil Procedure Article 2164 authorizes an appellate court to award a litigant damages for a frivolous appeal. However, this article is penal in nature. *Derouen v. Nelson*, 09-467 (La.App. 3 Cir. 3/10/10), 32 So.3d 1079. Thus, it must be strictly construed. *Id.* Moreover, we note that appeals are favored. *Id.* Thus, damages for a frivolous appeal will not be awarded solely because the appeal lacks merit. Instead, such damages will be awarded only where it is easily apparent that the appeal was taken for the sole purpose of delay or that counsel for the appellant lacks serious belief in the argument that he is advocating. *Id.*

Although we found no merit in Appellant's assignments of error, we decline to find either that Appellant appealed the trial court's grant of summary judgment solely for the purpose of delay or that Appellant's counsel lacked a serious belief in the position advocated. We can discern no advantage to delay in this case. Moreover, there is no evidence that counsel for Appellant lacked a serious belief in the positions he advocated. Both assignments of error raised legitimate questions for appeal: whether Appellee had constructive notice of the defect and whether the trial court abused its discretion in not allowing additional time for discovery. Accordingly, we deny Appellee's request for damages for frivolous appeal.

**CONCLUSION**

In light of the foregoing, we affirm the judgment of the trial court in all respects. All costs of this appeal are to be paid by Appellant.