NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-162

CHARLES W. KOUBA AND JERI S. KOUBA

VERSUS

CITY OF NATCHITOCHES

**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C-88953 DIV. A
HONORABLE DESIREE DYESS, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Elizabeth A. Pickett, Judges.

AFFIRMED.

Ronald E. Corkern, Jr.
Corkern, Crews, Guillet & Johnson, LLC
Post Office Box 1036
Natchitoches, LA 71457-1036
(318) 352-2302
COUNSEL FOR DEFENDANT-APPELLEE
        City of Natchitoches

**Frederick T. Haas, III**
**Pugh, Accardo, Haas, Radecker & Carey, L.L.C.**
**1100 Poydras Street, Suite 3300**
**New Orleans, LA 70163-3200**
**(504) 799-4522**
**COUNSEL FOR PLAINTIFFS-APPELLANTS**
**Charles W. Kouba**
**Jeri S. Kouba**

**PICKETT, Judge.**

The plaintiffs in this suit for personal injuries appeal the trial court's denial of their motion to continue the hearing on the defendant's motion for summary judgment and of the defendant's motion for summary judgment.

### FACTS AND PROCEDURAL BACKGROUND

In November 2016, Charles W. and Jeri S. Kouba filed suit against the City of Natchitoches after Mr. Kouba fell and injured himself as he descended a staircase, owned and maintained by the City. The Koubas allege that a defect with the staircase caused Mr. Kouba's fall and injuries. On May 25, 2017, the City filed a motion for summary judgment. At the Koubas' request, the hearing on the motion, originally set for July 12, was continued to September 13. Due to a conflict with the Koubas' attorney's schedule, the hearing was rescheduled again to October 10. On September 29, the Koubas filed a motion to continue the hearing on the City's motion, seeking to continue it to November 28. The Koubas asserted that they needed a continuance because their expert's schedule was busy and because after deposing the City's representative, they needed to obtain additional information from the City to allow their expert to render an opinion as to whether the staircase was defective.

On October 3, the Koubas filed a supplemental memorandum in support of the motion to continue and attached deposition testimony, photographs, medical documentation, and correspondence to the memorandum. The City filed a motion to strike the supplemental memorandum, asserting that the attachments to the memorandum were pertinent to its motion for summary judgment, not the Koubas' motion to continue.

On October 9, the trial court held a hearing on the Koubas' motion to continue and the City's motion to strike. After considering the parties' arguments,

the trial court denied the motion to continue and granted the motion to strike. The following day, the trial court held a hearing on the City's motion for summary judgment. It allowed the Koubas to argue against the grant of summary judgment but refused to allow them to submit evidence opposing the summary judgment. At the conclusion of the hearing, the trial court granted the City's motion for summary judgment and dismissed the Koubas' claims. The Koubas appeal.

## ASSIGNMENTS OF ERROR

The Koubas assign the following errors with the trial court's judgment, arguing the errors require reversal of the judgment granting summary judgment in favor the City:

1. The [trial court] erred as a matter of law in determining that, because Koubas' motion to continue had been filed after the deadline for oppositions to motions for summary judgment established by [La.Code Civ.P. art. 966(B)(2)], it did not have discretion/authority to grant the Koubas' motion to continue for good cause shown pursuant to La.Code Civ.P. art. 966(C)].

2. The [trial court's] denial of the Koubas' motion to continue constituted legal error which resulted in prejudice to the Koubas affording this Court an independent de novo review of the matter.

3. The [trial court] erred in granting summary judgment because the evidence introduced by the Koubas demonstrated the existence of genuine issues of material fact with respect to the elements of their causes of action.

4. The [trial court] erred in failing to admit photographs identified during, but not attached to, the Koubas' depositions offered in opposition to the motion for summary judgment.

*Motion to Continue*

A trial court's grant or denial of a continuance is reviewed for abuse of discretion. *Newsome v. Homer Mem'l Med. Ctr.,* 10-564 (La. 4/9/10), 32 So.3d 800. When considering a motion for summary judgment, trial courts may take into consideration such factors as diligence, good faith, reasonable grounds, fairness to

2

both parties and the need for the orderly administration of justice. *Rogers v. Hilltop Ret. & Rehab. Ctr*., 13-867 (La. App. 3 Cir. 2/12/14), 153 So. 3d 1053.

Louisiana Code of Civil Procedure Article 966 governs motions for summary judgment. Subsection (B)(2) of Article 966 provides that "[a]ny opposition to the motion and all documents in support of the opposition shall be filed and served . . . not less than fifteen days prior to the hearing on the motion." Once a motion for summary judgment hearing has been set, the trial "court may order a continuance of the hearing" if the mover shows "good cause" exists for granting the continuance. La.Code Civ.P. art. 966(C)(2). "The word 'shall' is mandatory[,] and the word 'may' is permissive." La.R.S. 1:3. Comment (g) of the 2015 comments to La.Code Civ.P. art. 966 explains, "Subparagraph (C)(2) establishes the rule that if a party has a good cause for failing to meet this deadline, the court may order a continuance of the hearing on the motion so that the parties and the court can comply with the applicable deadlines."

The Koubas' opposition to the City's motion should have been filed September 25, fifteen days before October 10. La.Code Civ.P. 966(B)(2). During the hearing on their motion to continue, the Koubas' attorney admitted that he missed that deadline because he inadvertently calendared October 2 as the deadline for filing their opposition to the motion for summary judgment. Nonetheless, the Koubas argue that La.Code Civ.P. 966(C)(2) provides the trial court discretion to grant an extension of time within which to file an opposition to the motion for summary judgment. They assert that once the motion for summary judgment was filed they worked diligently to prepare a defense to the motion and that their actions in conducting discovery and hiring an expert establish good cause for granting their motion.

3

The City contends the continuance for good cause provision of La.Code Civ.P. art. 966(C)(2) does not apply herein because the Koubas filed their motion to continue the hearing after the deadline for filing their opposition to the motion had passed. The trial court agreed with the City and concluded that because the Koubas filed their motion to continue the summary judgment hearing *after* the September 25 statutory deadline for filing an opposition to the City's motion for summary judgment, it did not have discretion to continue the summary judgment hearing again.

Comment (g) to La.Code Civ.P. art. 966 indicates that the intent of allowing the continuance of a motion for summary judgment is to allow the parties' and court time to "comply with the applicable deadlines." When, as here, the deadline for filing an opposition to a motion for summary has passed, compliance with the deadline is moot, and granting a continuance does not serve the stated purpose of allowing compliance with the deadlines. For this reason, we find no abuse of discretion with the trial court's denial of the Koubas' motion for continuance.

We have also considered the Koubas' argument that they have shown good cause exists for the grant of their motion for a continuance. This court addressed the concept of good cause in the context of extending deadlines for filings in *Gauthier v. Gauthier*, 04-198, pp. 4-5 (La.App. 3 Cir. 11/10/04), 886 So. 2d 681, 684-86, stating:

> Courts have consistently declined to grant exceptions for good cause in situations where attorneys have missed a statutory deadline through inadvertence or error. In *Lewis v. Spence,* 00-648, p. 1 (La.App. 3 Cir. 11/2/00), 772 So.2d 354, 355, a party's counsel admitted that through "inadvertence and mistake or excusable neglect, the [deadline] was not calendared." The court determined that no good cause existed to excuse plaintiff's failure to request timely service of process on a defendant. In a similar circumstance, the court concluded that "[p]laintiff counsel's request of service one day after the ninety-day period expired strongly suggests she either miscalculated or miscalendared the deadline. Such inadvertence does

4

not constitute good cause." *Young v. Roth,* 01-2151, p. 1 (La.11/9/01), 800 So.2d 374, 374-75. . . .

. . . .

[L]ack of prejudice to the opposing party is not good cause to justify tardy filings. For example, in *Naquin v. Titan Indemnity Co.,* 00-1585 (La.2/21/01), 779 So.2d 704, the plaintiff argued that, although their service on the defendant was delayed, the opposing party was not prejudiced because they had knowledge of the suit. The supreme court declined to find this supported good cause. . . .

*Gauthier* makes it clear that the Koubas' attorney's attempt to disguise his failure to properly calendar the deadline for filing an opposition to the motion for summary judgment as a good cause for granting their motion for continuance of the summary judgment hearing lacks merit. The Koubas provided two dates for their expert to inspect the stairs, one date before the opposition deadline and one date after the opposition deadline. If the Koubas' attorney had not miscalendared the opposition deadline, he would have known *before* the deadline that his expert needed additional time to complete his report and would have had good cause for a continuance. Under the facts before us, the Koubas failed to prove that they had good cause for not filing an opposition or their motion to continue by the September 25 deadline. Accordingly, we find no abuse of discretion in the trial court's denial of the motion to continue the hearing on the motion for summary judgment. *Buggage v. Volks Constructors*, 06-175 (La. 5/5/06), 928 So. 2d 536.

### Summary Judgment

The Koubas contend the trial court erred in granting the City's motion for summary judgment. Appellate courts review the grant or denial of a motion for summary judgment de novo, "using the same criteria that govern the trial court's determination of whether summary judgment is appropriate, *i.e.*, whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law." *Samaha v. Rau*, 07-1726, p. 4 (La. 2/26/08), 977 So.2d 880,

882-83; La.Code Civ.P. art. 966(A)(3). The party that files a motion for summary judgment bears the burden of proof on the motion. La.Code Civ.P. art. 966(D)(1). If the moving party will not bear the burden of proof at trial on the issue addressed in the motion and points out that there is an "absence of factual support for one or more elements essential to the adverse party's claim, action, or defense[,]" the non-moving party must then produce evidence showing that a genuine issue of material fact exists "or that the mover is not entitled to judgment as a matter of law." *Id.* If the non-moving party fails to produce such evidence, "there is no genuine issue of material fact[,] and summary judgment will be granted." *Bufkin v. Felipe's La., LLC*, 14-288, p. 3 (La. 10/15/14), 171 So.3d 851, 854.

The Koubas' burden of proof to recover damages on premises liability claim against a public entity is set forth in La.R.S. 9:2800. Jurisprudence interpreting La.R.S. 9:2800 requires a plaintiff to prove: "(1) custody or ownership of the defective thing by the public entity; (2) the defect created an unreasonable risk of harm; (3) the public entity had actual or constructive notice of the defect; (4) the public entity failed to take corrective action within a reasonable time; and (5) causation." *Chambers v. Village of Moreauville,* 11-898, p. 5 (La. 1/24/12), 85 So.3d 593, 597 (citations omitted). Unless a plaintiff can prove all of these elements, he cannot succeed with his claim against a public entity. *Benson v. State,* 48,300 (La.App. 2 Cir. 10/9/13), 124 So.3d 544.

The City does not bear the burden of proof at trial on the Koubas' claims; therefore, its burden with regard to its motion for summary judgment is to establish that factual support for one or more of the elements essential to the Koubas' claim is lacking. The City supported its motion with the Koubas' depositions and the affidavit of Randy Lacaze, who has been the director of Community Development for the City of Natchitoches for more than nineteen years. Mr. Lacaze's affidavit

6

establishes that he inspected the staircase for imperfections and defects but found none and that prior to the Koubas' claim, the City had never been notified that a problem or defect existed with the staircase. The Koubas' deposition testimony establishes the facts surrounding Mr. Kouba's falling and injuring himself and the effect his injuries have had on both of them. They urge that their testimony that Mr. Kouba's hand was cut while he was holding onto the handrail adjacent to the staircase and that the lighting of the staircase was dim creates genuine issues of material fact as to whether or not the staircase was defective and constituted an unreasonable risk of harm. The fact that Mr. Kouba injured himself while descending the staircase is not evidence of a defect. *Goodlow v. City of Alexandria,* 407 So.2d 1305 (La.App. 3 Cir. 1981). Moreover, although the staircase and adjoining area may have been poorly illuminated, or not illuminated at all, that fact alone does not establish that there was a defect with the staircase.

Mr. Lacaze's affidavit establishes that the City did not have actual notice of a defect with the staircase or handrail. Therefore, the Koubas must show that the City had constructive notice of a defect. Constructive notice is defined as "the existence of facts which infer actual knowledge." La.R.S. 9:2800(D). Constructive knowledge may be shown by facts demonstrating that a defect or condition existed for such a period of time that it would have been discovered and repaired had the public body exercised reasonable care. *Fisher v. Catahoula Parish Police Jury*, 14-1034 (La. App. 3 Cir. 4/29/15), 165 So. 3d 321, *writ denied,* 15-1402 (La. 10/2/15), 178 So.3d 993.

Despite the Koubas' arguments to the contrary, there is no evidence of record that shows a genuine issue of material fact exists with regard to whether the City had constructive notice of a defect with the staircase and/or its adjacent hand

7

rail. Accordingly, the trial court did not err in granting the City's motion for summary judgment.

***Exclusion of Evidence***

The Koubas argue that the trial court committed reversible error because it refused to allow them to introduce photographs that were identified by them during their depositions, but not attached to their depositions, in opposition to the City's motion for summary judgment. The Koubas attached the photographs to their supplemental memorandum supporting their motion for continuance which was the subject of the City's motion to strike that the trial court granted.

"The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made." La.Code Civ.P. art. 966(D)(2). The Koubas failed to timely file an opposition to the City's motion for summary judgment which was their opportunity to attach the photographs at issue. Accordingly, we find no error with the trial court's refusal to admit the photographs into evidence at the hearing on the motion for summary judgment.

## DISPOSITION

The judgment of the trial court denying the motion for continuance filed by Charles and Jeri Kouba and granting the City of Nachitoches' motion for summary judgment is affirmed. All costs are assessed to Charles and Jeri Kouba.

**AFFIRMED.**