CALLOWAY, J.
|aThe plaintiffs-appellánts, "Nathan and Sharon Mitchell d/b/a Shapes Gym (“Mitchells”), appeal a summary judgment in favor of the defendants-appellees, Ahar-on’s Rentals,. Inc. (“Aaron’s”) and Wal-Mart Stores, Inc. (“Wal-Mart”), dismissing their claims with prejudice. Based on the following, we affirm.
*170 FACTS AND PROCEDURAL HISTORY
The Mitchells are the owners of Shapes Gym, a commercial property located on Louisiana Highway 3089 in Donaldsonville. Aaron’s and Wal-Mart, operators of commercial retail businesses, are located next to Shapes Gym: the gym is adjacent to the Wal-Mart parking lot, and Aaron’s is located directly behind the gym. Aaron’s and Wal-Mart retained Duplantis Design Group (“Duplantis”) to design a drainage system for their respective businesses.
On December 8, 2009, Shapes Gym was inundated with approximately six inches of rain water. Thereafter, the Mitchells filed a petition for damages naming as defendants Aaron’s, Wal-Mart, and Duplantis.[2] The Mitchells sought damages following the flooding of Shapes Gym, alleging the defendants negligently maintained their respective storm water drainage systems. The Mitchells further alleged that Duplan-tis negligently designed the defendants’ drainage systems, and was therefore also responsible for the damages caused by the flooding of Shapes Gym.
Motions for Summary Judgment Filed by Wal-Mart and Duplantis
Wal-Mart and Duplantis filed a motion for summary judgment on July 10, 2013, arguing that the Mitchells did not possess evidence sufficient to meet their burden of proof at trial, specifically, that Duplantis breached the standard of care for its drainage design work for Wal-Mart that the Mitchells alleged caused rain water to inundate Shapes Gym in December 2009. On August 2, 2013, Aaron’s filed a motion for summary judgment, adopting and incorporating Wal-Mart and Duplantis’s motion for summary | ¿judgment, memorandum in support, statement of undisputed material facts, and the attachments thereto. The Mitchells opposed the motions on October 11, 2013. The defendants replied to the opposition filed by the Mitchells.[3]
Following a hearing on October 21, 2013, the trial court granted partial summary judgment in favor of Wal-Mart, Duplantis, and Aaron’s with respect to the Mitchells’ negligent drainage design claims, on the basis that the Mitchells did not produce sufficient evidence to rebut the evidence produced by Duplantis. The trial court dismissed all of the Mitchell’s claims against Duplantis, with prejudice. As to the Mitch-ells’ negligent maintenance claims against Wal-Mart and Aaron’s, the trial court denied summary judgment and continued the hearing to December 16, 2013, to give the Mitchells the opportunity to further support their negligent maintenance claim.
On December 6, 2013, the Mitchells filed a supplemental opposition to Wal-Mart and Aaron’s motions for summary judgment. Four days later, the Mitchells filed a second supplemental opposition to Wal-Mart and Aaron’s motions for summary judgment, and attached the affidavit of a purported expert. The defendants replied to the supplemental oppositions filed by the Mitchells. Aaron’s also filed a supple *171 mental reply memorandum in support of its motion for summary judgment.
Wal-Mart subsequently filed a second motion for summary judgment on October 16, 2014, after deposing the Mitchells’ expert. Wal-Mart argued the expert affidavit provided by the Mitchells in their second supplemental opposition and the deposition testimony of their expert did not create a genuine issue of material fact as to causation or a breach of the standard of care by Wal-Mart. Aaron’s also filed a second motion for summary judgment on November 13, 2014, arguing the Mitchells had produced no evidence to support their claim that Aaron’s failed to maintain its drainage features or that its drainage system caused the flooding of Shapes Gym. The Mitchells opposed Wal-Mart’s motion for summary judgment, attaching a second, revised affidavit of their Rexpert.[4] Wal-Mart filed a reply memorandum in support of its motion for summary judgment.
A hearing on the defendants’ motions for summary judgment was held on December 3, 2014; however, the trial court continued the hearing to January 21, 2015. On January 12, 2015, the trial court granted the Mitchells leave of court to file their fourth supplemental and amending petition for damages to include a claim for damages for the flooding of Shapes Gym that occurred on May 5, 2014 as the result of the alleged negligence of the defendants.[5] On January 21, 2015, the trial court continued the hearing on the motions for summary judgment without date. Thereafter, Wal-Mart and Aaron’s filed motions to reset the hearings on their motions for summary judgment. The trial court ultimately continued the motions to September 1, 2015.
On September 1, 2015, the trial court addressed the pending motions for summary judgment. The parties agreed to waive further hearings and to submit on briefs. Thereafter, the Mitchells filed a supplemental opposition to the motions for summary judgment. Wal-Mart also filed a supplemental memorandum in support of its motion for summary judgment.
The trial court signed a judgment on December 8, 2015, granting summary judgment in favor of Wal-Mart and Aaron’s, and dismissing all of the Mitchells’ claims against the- defendants. The trial court also issued reasons- for judgment. The Mitchells now appeal.
DISCUSSION
Standard of Review
After adequate discovery, a motion for summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, admitted for purposes of the motion, show that there is no genuine issue [Sas to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(2) and (C)(1) (prior to amendment by 2015 La. Acts, No. 422, effective January 1, 2016).[6] The summary judgment procedure is expressly favored in the law and is designed to secure the just, speedy, and inexpensive determination of non-domestic civil actions. See La. C.C.P. art. 966(A)(2).
*172 The mover bears the burden of proving that ■ he is entitled to summary judgment. However, if the mover will not bear the burden of proof at trial on the subject matter of the motion, he need only demonstrate the absence of factual support for one or more essential elements of his opponent’s claim, action, or defense. La. C.C.P. art. 966(C)(2) (prior to amendment by 2015 La. Acts, No. 422, effective January í, 2016).[7] If the moving party points out that there is an absence of factual support for one or more elements essential to the- adverse party’s claim, action, or defense, then the nonmoving party must produce- factual support sufficient to satisfy .his evidentiary burden at trial. La. C.C.P. art. 966(C)(2) (prior to amendment by 2015 La. Acts, No, 422, effective January 1, 2016). If the nonmoving party fails to make this requisite showing, there is no genuine issue of material fact, and summary judgment should be granted. La. C.C.P. art. 966(C)(2) (prior to amendment by 2015 La. Acts, No. 422, effective January 1, 2016). If, however, the mover fails in his burden to show an absence of factual support for one or more of the elements of the adverse party’s claim, the burden never .shifts to the adverse party, and the mover is not entitled to summary judgment. LeBlanc v. Bouchereau Oil Co., Inc., 2008-2064 (La.App. 1 Cir. 5/8/09), 15 So.3d 152, 155, writ denied, 2009-1624 (La. 10/16/09), 19 So.3d 481.
In ruling on a motion for summary judgment, the-trial court’s-role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. Hines v. Garrett, 2004-0806 (La. 6/25/04), 876 So.2d 764, 765 (per curiam). A fact is material if it potentially ensures or precludes recovery, affects a litigant’s ultimate success, or determines the |ñoutcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Hines, 876 So.2d at 765-66. Factual inferences reasonably drawn from the evidence must be construed in favor of .the party opposing the motion, and all doubt must be resolved in the opponent’s favor. Willis v. Medders, 2000-2507 (La. 12/8/00), 775 So.2d 1049, 1050 (per curiam).
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. East Tangipahoa Development Company, LLC v. Bedico Junction, LLC, 2008-1262 (La.App. 1 Cir. 12/23/08), 5 So.3d 238, 243-44, writ denied, 2009-0166 (La. 3/27/09), 5 So.3d 146. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Pumphrey v. Harris, 2012-0405 (La.App. 1 Cir. 11/2/12), 111 So.3d 86, 89.
Causation and the Burden of Proof
In this case, the issues raised in the motions for summary, judgment center on the issue of causation, specifically: (i) whether res ipsa, loquitor allows the inference that the defendants’ negligent maintenance of their.respective-drainage systems caused the flooding of Shapes Gym; and, (ii) whether the testimony of the Mitch'ells’ expert, Dr, Tonja L. Koob, was sufficient to establish that some act or omission by Wal-Mart and Aaron’s caused the flooding.
*173 Wal-Mart filed two motions for summary judgment. The first motion was accompanied by a list of undisputed material facts and a memorandum; the second was accompanied by a memorandum. In support of its motions, Wal-Mart submitted the following exhibits:
A. expert affidavit of Theodore E. De-baene, P.E., CFM, regarding Wal-Mart’s drainage analysis prepared by Duplantis;
B. expert affidavit of Theodore E. De-baene, P.E., CFM, regarding Aaron’s drainage project;
_JjA. affidavit of the plaintiffs’ expert, Dr. Tonja L. Koob, PhD., P.E., CFM, dated December 9, 2013;
B. portions of the deposition of the plaintiffs’ expert, Dr. Tonja L. Koob, taken on August 26, 2014; and
A. portions of the transcript of the December 3, 2014 hearing on the defendants’ motions for summary judgment.
Aaron’s also filed two motions for summary judgment. Both motions were accompanied by a list of “indisputable” material facts and a memorandum. In support of its motions, Aaron’s submitted the following exhibits:
A. Wal-Mart and Duplantis’s expert affidavit of Theodore E. Debaene, P.E., CFM, regarding Wal-Mart’s drainage analysis prepared by Du-plantis, in support of their motion for summary judgment;
B. Wal-Mart and Duplantis's expert affidavit of Theodore E. Debaene, P.E., CFM, regarding Aaron’s drainage project, submitted in support of their motion for summary judgment;
1. affidavit of the plaintiffs’ expert, Dr. Tonja L. Koob, PhD., P.E., CFM, dated December 9, 2013; .
2. Aaron’s certificate of Occupancy issued December 11, 2009 by the Ascension Parish Department of Planning; and
3. portions of the deposition of the plaintiffs’ expert, Dr. Tonja L. Koob, taken on August 26,2014.
The Mitchells opposed the motions for summary judgment filed by the defendants, and in support of their opposition, submitted the following exhibits:
A. affidavit of Nathan Mitchell, dated October 9, 2013, and photographs attached thereto;
B. portions of the deposition of Ricky Gallow, an engineer with Duplantis, taken on March 21,2013;
C. expert affidavit of Jared Monceaux, P.E., dated October 10, 2013;
A. affidavit of Sharon Mitchell, dated November 26, 2013;
A. affidavit of Nathan Mitchell, dated November 26, 2013;
B. affidavit of George Rodeillat, an Ascension Parish employee, dated December 4, 2013, and particular exhibits attached thereto;
kB. affidavit of the plaintiffs’ expert, Dr. Tonja L. Koob, PhD., P.E., CFM, dated December 9,2013;
C. Duplantis Grading Plan sheet C-2 (02-264-009 Change Directive # 8);
D. copies of Google Earth aerial photographs of the property in question; and
A. revised affidavit of the plaintiffs’ expert, Dr. Tonja L. Koob, PhD., P.E., CFM, dated November 25, 2014, and particular exhibits attached thereto.
*174 Wal-Mart and Aaron’s replied to the Mitchells’ opposition, and in support of their arguments, Aaron’s attached the following exhibits to its reply:
1. email correspondence between Craig Brewer, counsel for Aaron’s, and Tommy Bennett, counsel for the Mitchells, dated December 11, 2013; and
2. written correspondence sent from Craig Brewer, counsel for Aaron’s, to Jeffrey Heggelund, counsel for the Mitchells, dated October 24, 2013, and the particular exhibit attached thereto.
Pursuant to La. C.C.P. article 966(C)(2),[8] Wal-Mart and Aaron’s needed only to demonstrate the absence of factual support for one or more essential elements of the Mitchells’ claim, action, or defense. The defendants moved for summary judgment on the issue of causation, arguing the Mitchells failed to produce sufficient evidence demonstrating they could make a prima facie showing that any act or omission of the defendants caused the flooding of Shapes Gym. The burden then shifted to the Mitchells to produce factual support sufficient to prove they would be able to satisfy their evidentiary burden at trial. See La. C.C.P. art. 966(C)(2), now 966(A)(3).

Res Ipsa Loquitur

In an action to recover damages for injuries allegedly caused by another’s negligence, the plaintiff has the burden of proving negligence on the part of the defendant by a preponderance of the evidence. Proof is sufficient to constitute a preponderance when the entirety of the evidence, both direct and circumstantial, shows that the fact or causation sought to be proved is more probable than not. Jordan v. Travelers Ins. Co., 257 La. 995, 1007-1008, 245 So.2d 151, 155 (1971). The Mitchells contend the doctrine 19of res ipsa loquitur, as set forth in La. C.C. article 667, applies in this matter, and that the trial court erred in determining that doctrine did not apply.
Louisiana Civil Code article 667 is found in the Title of the Louisiana Civil Code governing “Predial Servitudes,” which establishes certain limitations on the scope and extent of the right of ownership in immovable property, namely by requiring an owner to use his property in such a manner as to not injure another. Inabnet v. Exxon Corp., 93-0681 (La. 9/6/94), 642 So.2d 1243, 1250-51. Article 667 provides, in pertinent part:
Although a proprietor may do with his estate whatever he pleases, still he cannot make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him. However, if the work he makes on his estate deprives his neighbor of enjoyment or causes damage to him, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known that his works would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
Res ipsa loquitur (the thing speaks for itself) is a rule of circumstantial evidence which allows an inference of negligence on the part of the defendant if the facts indicate the defendant’s negligence, more probably than not, caused the injury. Linnear v. CenterPoint Energy Entex/Re *175 liant Energy, 2006-3030 (La. 9/5/07), 966 So.2d 36, 45; Boudreaux v. Am. Ins. Co., 262 La. 721, 763, 264 So.2d 621, 636 (1972). In light of ordinary experience, the event must be of such a nature that it could only have resulted from someone’s negligence. Fisher v. Catahoula Par. Police Jury, 2014-1034 (La.App. 3 Cir. 4/29/15), 165 So.3d 321, 325, writ denied, 2015-1402 (La. 10/2/15), 178 So.3d 993.
The Louisiana Supreme Court has ruled that res ipsa loquitur applies in cases involving circumstantial evidence, rather than direct evidence, provided the plaintiff establishes the following foundation of facts:
(1) the injury is of the kind which does not ordinarily occur in the absence of negligence; (2) the evidence sufficiently eliminates other possible causes of the injury, such as the plaintiffs own responsibility or the responsibility of others; and (3) the alleged negligence of the defendant must fall hnwithin the scope of his duty to the plaintiff, which will often be the case if the defendant had exclusive control of the thing or situation that caused the injury to the plaintiff.
Linnear, 966 So.2d at 45. The trial judge determines whether reasonable minds could differ on the presence of all three criteria. Linnear, 966 So.2d at 44. If reasonable minds could not conclude that all three criteria are satisfied, then the legal requirements for the use of res ipsa loqui-tur are not met. Linnear, 966 So.2d at 44. The plaintiff does not have to eliminate all other possible causes or inferences, but must present evidence which indicates at least a probability that the injury would not have occurred without negligence. Cangelosi v. Our Lady of the Lake Reg’l Med. Ctr., 564 So.2d 654, 665-666 (La. 1989). Res ipsa loquitur is defeated if an inference that the injury was due to a cause other than the defendant’s negligence can be drawn as reasonably as one that it was due to the defendant’s negligence. Boudreaux, 264 So.2d at 636.
Following our de novo review, we hold the doctrine of res ipsa loquitur is inapplicable in the matter before us. Based on our review of the motions for summary judgment and the evidence submitted in support of and in opposition to them, we are able to draw a reasonable inference that the flooding of Shapes Gym could have been due to a cause other than the alleged negligent maintenance of drainage systems by Wal-Mart or Aaron’s. The Mitchells did not submit any evidence in opposition to the motions for summary judgment to indicate that the flooding would not have occurred absent the negligence of Wal-Mart or Aaron’s. This assignment of error is without merit.

Negligence

In their second assignment of error, the Mitchells argue the trial court erred in determining that they failed to meet the burden of proof on the negligence claim, specifically, that they failed to prove the defendants’ negligence was the cause of the flooding.
Under La. C.C. article 2315, an individual is entitled to recover the damages he sustains as a result of another’s fault. Landry v. Bellanger, 2002-1443 (La. 5/20/03), 851 So.2d 943, 949. Most negligence cases are resolved by employing the duty-risk analysis, which entails five separate elements: (1) whether the defendant had a duty to conform his [nconduct to a specific standard (the duty element); (2) whether the defendant’s conduct failed to conform to the appropriate standard (the breach element); (3) whether the defendant’s substandard conduct was a cause-in-fact of the plaintiffs injuries (the cause-in-fact element); (4) whether the defendant’s *176 substandard conduct was a legal cause of the plaintiffs injuries (the scope of liability or scope of protection element); and (5) whether the plaintiff was damaged (the damages element). Hanks v. Entergy Corp., 2006-477 (La. 12/18/06), 944 So.2d 564, 579.
In its motion for summary judgment, Wal-Mart pointed out there is an absence of factual support for an essential element of the Mitchells’ claim, namely, causation. Under Article 966, the burden of proof shifted to the Mitchells to produce factual support sufficient to establish that they will be able to satisfy their evidentiary burden of proof at trial. Based on our de novo review of the record, the plaintiffs did not meet their burden of proof as to the essential element of causation. The Mitchells relied on the affidavit of their expert, Dr. Tonja L. Koob, to establish causation; however, after reviewing her affidavits, we conclude that her opinions are devoid of specific underlying facts to support a conclusion regarding causation. See La. C.C.P. art. 967; Thompson v. S. Cent. Bell Tel. Co., 411 So.2d 26, 28 (La. 1982).
As part of its opposition to the summary judgment filed by Wal-Mart, the Mitchells argued that dirt, debris, grass, and sediment built up in the drainage ditches and a detention pond on and surrounding Wal-Mart and Aaron’s properties were a cause-in-fact of the flooding of Shapes Gym on December 8, 2009 and May 5, 2014. The Mitchells’ expert, Dr. Koob, examined multiple storm water drainage system maintenance forms that were prepared by contracting firms AD Storm Water & Environmental Services,' Inc. and Retention Pond Services, Inc. for Wal-Mart’s Corporate Compliance division, from 2008 through 2014. Dr. Koob also examined precipitation data from the Donaldsonville gage obtained from NOAA and the Grading Plan, Drawing C2, Storm Sewer Profiles, Drawing CIO, produced by Duplantis Design Group, PC dated April 4, 2004. Dr. Koob concluded:
|1gIt is my opinion that the asymmetric drainage ditch combined with the lack of maintenance in the Aaron’s detention pond and Aaron’s and Wal-Mart drainage ditches produce a drainage system that does not meet its design conditions. The result of the undersized drainage system is overtopping of the drainage ditch on to the Shapes property.
However, Dr. Koob did not refer to any evidence of negligent conduct by Wal-Mart or by Aaron’s in maintaining their respective drainage systems that could have caused the flooding of Shapes Gym on December 8, 2009 or May 5,2014.
Dr. Koob indicated in her affidavit that she examined thirty-eight maintenance forms prepared prior to the flooding events. These forms indicated varying levels of sediment, trash, debris, and vegetation accumulation in the drainage systems, specifically in the detention basins, concrete bottoms, and the pond. Dr. Koob noted the maintenance forms did not indicate if the sediment was removed in the instances where accumulation was found following site inspection. In the last report prepared prior to the 2009 flooding event, the preparer of the maintenance form rated the site conditions of the drainage systems for “Trash and Debris” and “Aquatic Vegetation” as “Light” and indicated that the trash was “Picked up/Removed” while the vegetation was “Weedeated.” The “Sediment Accumulation” was rated as “Low” and no action was taken by the preparer beyond inspection. In the “Other Observations or Comments” section of the form, the preparer stated “raining sediment built up along side of flume.” In the last report prepared prior to the 2014 flooding event, the preparer of the mainte *177 nance form noted that the vegetation coverage was “Good” and that he did not mow; that trash and debris were removed from the site; and that no sediment was removed. In the “Comments” section, the preparer noted: “Pvc drain pipe with hole in top and broken in pond in rear of store.” In the “Comments/Additional Information” section of the form, the preparer stated, “[r]emoved trash and debris from pond... [c]leaned out trash around loading dock drain.”
While Dr. Koob stated these forms indicate that at various times from 2008 to 2014, there was trash, debris, vegetation, and sediment built up in the drainage system and the retention pond on the Wal-Mart and Aaron’s properties, and that it was not | ^always clear if this buildup was removed following inspection. Those statements alone, however, do not establish that those reported instances of buildup caused the flooding of Shapes Gym that occurred in 2009 and 2014. First, Dr. Koob did not state the conditions or measurable amount of buildup of trash, debris, vegetation, or sediment that would have caused the defendants’ drainage systems to fail and overflow. Second, Dr. Koob did not provide a scientifically measurable amount of trash, debris, vegetation, or sediment buildup that existed in the drainage systems on any particular day, including December 8, 2009 and May 5, 2014, but merely repeated instances of undeterminable amounts of buildup as reported in the Wal-Mart storm water drainage system maintenance forms. Dr. Koob did not provide her- opinion, documented measurements, or pictures regarding the actual condition of the site immediately prior to, on, or immediately following the December 8, 2009 rain event. Third, Dr. Koob did not analyze the scientific method that was used by Wal-Mart’s contracting firm to prepare its storm'water drainage system maintenance forms to report buildup in the drainage systems, nor did Dr. Koob establish the corporate procedure ■ or frequency with which Wal-Mart conducted- these maintenance inspections of the drainage systems. '
In order to defeat a motion for summary judgment, an expert’s opinion must be more than a conclusory assertion about ultimate legal issues. See Indep. Fire Ins. Co. v. Sunbeam Corp., 99-2181 (La. 2/29/00), 755 So.2d 226, 232-33. The Mitchells have failed to show the existence of genuine issues of material fact regarding their ability .to prove causation, ,an essential element of their claim. -Summary judgment was therefore appropriate. This assignment of error -is without merit.
DECREE
Based on the foregoing, the December 8, 2015 judgment of the trial court is affirmed. All costs of this appeal are cast to the plaintiffs-appellants, Nathan and Sharon Mitchell d/b/a Shapes Gym.
AFFIRMED.

. The Mitchells filed several amended petitions for damages. In their second amended petition for damages, the Mitchells added Admiral Insurance Company, the insurer of Du-plantis, as a defendant. The plaintiffs move to dismiss Admiral, without prejudice, which the trial court granted. In their third supplemental and amended petition for damages, the Mitchells added Union Pacific Railroad and the Louisiana Department of Transportation and Development as defendants; both parties settled the claims against them and were dismissed from the suit.

. Wal-Mart and Duplantis filed an objection/motion to strike Exhibit C attached to the Mitchells’ opposition, the affidavit of Jared Monceaux, P.E., as speculative and lacking methodology.

. The record does not contain an opposition by the Mitchells to Aaron's second-filed motion for summary judgment.

. On November 18, 2015, the Mitchells filed a fifth supplemental and amending petition for damages to include a claim for damages for the flooding of Shapes Gym that occurred on October 25, 2015 as the alleged result of the negligence of the defendants. The trial court did not grant the Mitchells leave of court to file this petition.

.Now, see La. C.C.P. art. 966(A)(3).

. Now, see La. C.C.P. art. 966(D)(1).

, Now, see La. C.C.P. art. 966(D)(1).