STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2019 CA 0183

JACQUELINE F. POTTINGER, INDIVIDUALLY AND IN HER CAPACITY AS HEIR AND LEGATEE OF JEROME H. FOREMAN, AND IN HER CAPACITY AS THE INDEPENDENT EXECUTRIX OF THE SUCCESSION OF JEROME H. FOREMAN AND CASSAUNDRA M. FOREMAN, INDIVIDUALLY AND IN HER CAPACITY AS HEIR AND LEGATEE OF JEROME H. FOREMAN

VERSUS

NEDRA PRICE, LIBERTY MUTUAL INSURANCE COMPANY, DEMETRA LYNUTE, AND SAFEWAY INSURANCE COMPANY OF LOUISIANA

JUDGMENT RENDERED: ___OCT 2 3 2019___

* * * * * * *

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge • State of Louisiana
Docket Number C655118 • Section "23"

The Honorable William Morvant, Presiding Judge

* * * * * * *

| | |
|---|---|
| Leonard L. Levenson<br>Christian W. Helmke<br>Colleen Boyle Gannon<br>Donna R. Barrios<br>New Orleans, Louisiana | ATTORNEYS FOR APPELLANTS<br>PLAINTIFFS—Jacqueline F. Pottinger<br>and Cassaundra M. Foreman |
| Rachel M. Roe<br>Renee M. Credeur<br>Baton Rouge, Louisiana | ATTORNEYS FOR APPELLEES<br>DEFENDANTS—Nedra S. Price and<br>Liberty Mutual Insurance Company |

* * * * * * *

BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.

McClendon, J. concurs in the result reached by the majority.

**WELCH, J.**

In this motor vehicle-pedestrian accident case, the victim's survivors, plaintiffs Jacqueline F. Pottinger and Cassaundra M. Foreman, appeal a summary judgment granted in favor of the defendant driver and her insurer, Nedra Price and Liberty Mutual Insurance Company ("Liberty"), which dismissed their claims against the defendants, with prejudice. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

Around 9:00 p.m. on February 21, 2016, Jerome Foreman was walking across Airline Highway near its intersection with Louisiana Highway 73 in East Baton Rouge Parish. Mr. Foreman walked into the oncoming northbound lane of traffic from the grassy median that separates the northbound and southbound travel lanes. At least two motor vehicles struck Mr. Foreman, including the vehicle operated by Ms. Price. The second vehicle that struck Mr. Foreman was operated by Demetra Lynute, who was insured by Safeway Insurance Company ("Safeway"). Mr. Foreman died at the scene of the accident.

The plaintiffs instituted this wrongful death and survival action against the operators and liability carriers of the motor vehicles that struck their father. The plaintiffs alleged that the defendants breached a duty owed to Mr. Foreman to operate their motor vehicles in a safe and prudent manner, to obey all traffic laws, and to yield to pedestrians. The plaintiffs argued that the defendants' breach of this duty was the cause-in-fact and legal cause of Mr. Foreman's damages. The plaintiffs ultimately settled with Ms. Lynute and Safeway, who were dismissed with prejudice.

Thereafter, the defendants filed a motion for summary judgment, alleging that there were no genuine issues as to material fact as to the plaintiffs' negligence claim. The defendants pointed out the absence of factual support for the causation element essential to the plaintiffs' negligence action and argued that the plaintiffs

2

would be unable to bear their burden of proof at trial. In support of their motion, the defendants attached the plaintiffs' petition; the affidavit of an accident reconstructionist expert, Michael S. Gillen; the affidavit of an independent witness, Ramzy Laymon; the affidavit of Ms. Price; and the Louisiana State Police Uniform Crash Report documenting the accident.

The plaintiffs opposed the motion, attaching the deposition of Ms. Price and the affidavit of Ms. Pottinger. The defendants objected to the affidavit of Ms. Pottinger, submitted in opposition by the plaintiffs, alleging it was not based on personal knowledge.[1]

Following a hearing, the trial court ruled that the police report and affidavit of Ms. Pottinger were inadmissible and granted summary judgment in favor of the defendants, dismissing the plaintiffs' claims with prejudice. The trial court signed a judgment in accordance therewith on September 10, 2018. The plaintiffs now appeal.

## LAW AND DISCUSSION

### *Assignment of Error No. 1: Exclusion of the Police Report*

In their first assignment of error, the plaintiffs contend the trial court erred by excluding the Louisiana State Police Uniform Crash Report that was submitted by the defendants in support of their motion for summary judgment. The plaintiffs argue that neither party objected to nor sought to exclude the police report and that the trial court abused its discretion by finding the police report inadmissible *ex proprio motu*.

---

[1] In her affidavit, Ms. Pottinger stated that "[s]he knows that at the time of her father's death, there was no reason why her father would wish or attempt to end his own life." The trial court found Ms. Pottinger's affidavit inadmissible; that ruling is not at issue on appeal. We note, however, that the defendants improperly raised their objection to Ms. Pottinger's affidavit in a motion to strike. Under La. C.C.P. art. 966(D)(2), any objection to any supporting document must be raised in a timely-filed written opposition or reply memorandum. This provision changes prior summary judgment law by specifically removing the motion to strike as a means of raising an objection to a document offered by an adverse party in support of, or in opposition to, a motion for summary judgment. See Comments--2015(k) to La. C.C.P. art. 966. The defendants should have raised this objection in their reply memorandum.

3

"The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." La. C.C.P. art. 966(A)(4). Additionally, La. C.C.P. art. 966(D)(2) sets forth that the trial court "may consider only those documents filed in support of or in opposition to the motion for summary judgment and *shall consider* any documents *to which no objection is made.*" (Emphasis added.) Louisiana Code of Civil Procedure article 966(D)(2) states that "[a]ny objection to a document shall be raised in a timely filed opposition or reply memorandum." Article 966(D)(2) further provides that the trial court "shall consider all objections prior to rendering judgment" and "shall specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider."

Here, no party objected to the police report in a timely filed written opposition or reply memorandum as required by La. C.C.P. art. 966(D)(2). Thus, since the police report was not objected to in accordance with La. C.C.P. art. 966(D)(2), it *must* be considered by the trial court. See **Mariakis v. N. Oaks Health Sys.,** 2018-0165 (La. App. 1st Cir. 9/21/18), 258 So. 3d 88, 96. At the hearing on the motion for summary judgment, however, the trial court found that the police report was not of sufficient evidentiary quality to be considered on a motion for summary judgment and stated on the record, "I cannot consider the police report."[2] Therefore, because no objection was made, the trial court clearly erred by failing to consider and by excluding the police report because the trial court was required under La. C.C.P. art. 966(D)(2) to consider that document.

---

[2] While not considering the police report, the trial court found it inadmissible for three reasons: (1) it was not one of the documents listed in La. C.C.P. art. 966(A)(4); (2) it was an unsworn and unverified document because it was not attached to an affidavit or otherwise authenticated (see **Lewis v. Jabbar,** 2008-1051 (La. App. 1st Cir. 1/12/09), 5 So. 3d 250, 255, and **Estate of Loveless ex rel Loveless v. Gay,** 41,575 (La. App. 2nd Cir. 12/13/06), 945 So. 2d 233, 236 (a police report, which is not authenticated or sworn to in any way, is not competent summary judgment evidence)); and (3) it constituted inadmissible hearsay and did not fall within an exception to the hearsay rule, La. C.E. art. 803.

4

The appellate standard of review for the trial court's failure to consider a document filed in support of or in opposition to a motion for summary judgment to which no objection is made is a *res nova* issue before this court. Generally, the standard of review for a trial court's evidentiary rulings in non-summary judgment matters is abuse of discretion; the trial court's ruling will not be disturbed unless it is clearly erroneous. See **Gorman v. Miller**, 2012-0412 (La. App. 1st Cir. 11/13/13), 136 So. 3d 834, 840 (*en banc*), writ denied, 2013-2909 (La. 3/21/14), 135 So. 3d 620. *De novo* review is limited to consequential errors which interdicted the factual findings, thereby prejudicing or tainting the judgment rendered. See **Wingfield v. State, ex rel. Dep't of Transp. and Dev.**, 2001-2668 (La. App. 1st Cir. 11/8/02), 835 So. 2d 785, 799, writs denied, 2003-0313, 2003-0339, 2003-0349 (La. 5/30/03), 845 So. 2d 1059-1060, cert. denied, 540 U.S. 950, 124 S. Ct. 419, 157 L. Ed. 2d 282 (2003). Accordingly, we find that the abuse of discretion standard applies to the trial court's ruling on an *objection* to a document filed in support of or in opposition to a motion for summary judgment that is *raised by a party in a timely filed opposition or reply memorandum* in accordance with La. C.C.P. art. 966(D)(2).

However, when a document filed in support of or in opposition to a motion for summary judgment is *not objected to* by any party, La. C.C.P. art. 966(D)(2) requires the trial court to consider such documents. The trial court's failure to consider non-objected to documents on a motion for summary judgment is an application of an incorrect principle of law, and therefore, a legal error. See **Maldonado v. Kiewit Louisiana Co.**, 2012-1868 (La. App. 1st Cir. 5/30/14), 152 So. 3d 909, 918, writ denied, 2014-2246 (La. 1/16/15), 157 So. 3d 1129. A legal error is prejudicial when such error materially affects the outcome and deprives a party of substantial rights. **Tanana v. Tanana**, 2012-1013 (La. App. 1st Cir. 5/31/13), 140 So. 3d 738, 741.

5

Generally, *de novo* review of legal errors is limited to prejudicial errors. **Maldonado**, 152 So. 3d at 918-19. However, the law is well settled that the trial court cannot make credibility determinations, evaluate testimony, or weigh conflicting evidence in deciding a motion for summary judgment. **Adolph v. Lighthouse Prop. Ins. Corp.**, 2016-1275 (La. App. 1ˢᵗ Cir. 9/8/17), 227 So. 3d 316, 321. On motions for summary judgment, appellate courts review evidence *de novo* using the same criteria that govern the trial court's determination of whether summary judgment is appropriate, by asking the same questions: whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. **Georgia-Pac. Consumer Operations, LLC v. City of Baton Rouge**, 2017-1553 (La. App. 1ˢᵗ Cir. 7/18/18), 255 So. 3d 16, 22, writ denied, 2018-1397 (La. 12/3/18), 257 So. 3d 194. Therefore, on motions for summary judgment, we find that the trial court's failure to consider a document filed in support of or in opposition to the motion to which *no objection* is made is a legal error subject to a *de novo* standard of review on appeal, regardless of whether such error is prejudicial. Therefore, we must consider the non-objected to police report, and decide *de novo*, whether we should give any evidentiary value to the report.

The police report is an unsworn and unverified document because it was not attached to an affidavit or otherwise authenticated. See **Bunge North America, Inc. v. Board of Commerce & Industry**, 2007-1746 (La. App. 1ˢᵗ Cir. 5/2/08), 991 So. 2d 511, 527, writ denied, 2008-1594 (La. 11/21/08), 996 So. 2d 1106. The police report also constitutes inadmissible hearsay. See La. C.E. arts. 801-803. It has no evidentiary value in creating a genuine issue of material fact. See **Lewis**, 5 So. 3d at 255, and **Estate of Loveless ex rel Loveless**, 945 So. 2d at 236 (a police report, which is not authenticated or sworn to in any way, is not competent summary judgment evidence). Accordingly, in the matter before us, after

conducting a *de novo* review of the police report, we find that it has no evidentiary value and does not create a genuine issue of material fact.

*Assignment of Error No. 2: Summary Judgment*

Summary judgment must be rendered in the defendants' favor, as the movers, if the pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions show that there is no genuine issue as to material fact and that the defendants are entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3) and (4).

The burden of proof on a motion for summary judgment rests with the mover: here, the defendants. La. C.C.P. art. 966(D)(1). In this matter, the defendants will not bear the burden of proof at trial; the burden of proof at trial rests with the plaintiffs. Accordingly, once the defendants properly support their motion for summary judgment, then under La. C.C.P. art. 966(D)(1), they need only point out to the trial court the absence of factual support for one or more elements essential to the plaintiffs' negligence claim: duty, breach, cause-in-fact, legal cause, or actual damages. The failure of the plaintiffs to produce evidence of a material factual dispute mandates the granting of the motion. See **Holt v. Torino**, 2012-1579 (La. App. 1st Cir. 4/26/13), 117 So. 3d 182, 184, writ denied, 2013-1161 (La. 8/30/13), 120 So. 2d 267.

Thereafter, the burden shifts to the plaintiffs to produce factual support sufficient to establish the existence of a genuine issue of material fact, or that the defendants are not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1). The plaintiffs may not rest on the mere allegations of denials in their pleadings, but their responses must set forth specific facts showing that there is a genuine issue for trial. If the plaintiffs do not so respond, summary judgment, if appropriate, shall be rendered against them. See La. C.C.P. art. 967(B). If, however, the defendants fail in their burden to show an absence of factual support

for one or more of the elements of the plaintiffs' negligence claim, the burden never shifts to the plaintiffs, and the defendants are not entitled to summary judgment. See **Mitchell v. Aaron's Rentals**, 2016-0619 (La. App. 1st Cir. 4/12/17), 218 So. 3d 167, 172.

In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. **Juge v. Springfield Wellness, L.L.C.**, 2018-0736 (La. App. 1st Cir. 2/28/19), 274 So. 3d 1, 5, writ denied, 2019-0513 (La. 5/28/19), 273 So. 3d 309.

Louisiana courts have adopted a duty-risk analysis in determining whether to impose liability under the general negligence principles as set forth in the Civil Code. See La. C.C. art. 2315; **Brewer v. J.B. Hunt Transport, Inc.**, 2009-1408 (La. 3/16/10), 35 So. 3d 230, 240. In an action to recover damages for injuries allegedly caused by another's negligence, the plaintiff has the burden of proving negligence on the part of the defendant by a preponderance of the evidence. **Hanks v. Entergy Corp.**, 2006-0477 (La. 12/18/06), 944 So. 2d 564, 578. In order for liability to attach under Louisiana's duty-risk analysis, the plaintiffs must prove five separate elements:

> 1) the defendant had a duty to conform his conduct to a specific standard (the traditional duty element);
>
> 2) the defendant's conduct failed to conform to the appropriate standard (the breach element);
>
> 3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element);
>
> 4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of the risk element); and
>
> 5) actual damages (the damages element).

A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability. **Lemann v. Essen Lane Daiquiris, Inc.**, 2005-1095 (La. 3/10/06), 923 So. 2d 627, 632-33. See also **Stafford v. Exxon Mobile Corp.**, 2016-1067 (La. App. 1st Cir. 2/17/17), 212 So. 3d 1257, 1262, writ denied, 2017-0447 (La. 4/24/17), 221 So. 3d 67.

Motorists are not the insurers of pedestrians' safety. **Uriegas v. Gainsco**, 94-1400 (La. App. 3rd Cir. 9/13/95), 663 So. 2d 162, 171, writ denied, 95-2485 (La. 12/15/95), 664 So. 2d 458. A pedestrian has a statutory duty to yield to traffic in the roadway in the absence of a marked crosswalk. La. R.S. 32:213(A). A pedestrian must also exercise reasonable care to avoid leaving a curb or other place of safety beside the roadway and walking into the path of a vehicle. La. R.S. 32:212(B); **Hundley v. Harper Truck Line, Inc.**, 28,613 (La. App. 2nd Cir. 9/25/96), 681 So. 2d 46, 48.

A driver is statutorily obligated to exercise due care to avoid colliding with any pedestrian upon any roadway, to give warning by sounding the horn when necessary, and to exercise proper precaution upon observing any child, or confused or incapacitated person upon a highway. La. R.S. 32:214; **Rideau v. State Farm Mut. Auto. Ins. Co.**, 2006-0894 (La. App. 1st Cir. 8/29/07), 970 So. 2d 564, 577, writ denied, 2007-2228 (La. 1/11/08), 972 So. 2d 1168. Moreover, a motorist is not held to the highest standard of care in guarding against unexpected or unusual obstructions in the road. A motorist has no special duty to anticipate the presence of a pedestrian in a roadway where there is no crosswalk. A motorist has a right to assume that a pedestrian will remain in a position of safety and will not attempt to enter the path of a moving vehicle. However, a motorist may not blindly rely upon this assumption when he sees, should have seen, or anticipates that the pedestrian is going to cross the path of his vehicle. When a motorist sees, should have seen, or anticipates that the pedestrian is going to cross the path of his vehicle, the

motorist must exercise reasonable care to protect the pedestrian. **Uriegas**, 663 So. 2d at 172.

Furthermore, as a general rule, a motorist may assume that the road is safe for travel even at night. This general rule is subject to the exception that when driving after dark or in circumstances of limited or impaired visibility, a motorist must observe and control his vehicle in order to avoid discernable objects in his path of travel; that is, in adverse conditions, a greater degree of care must be exercised. **Wylie v. Peltier**, 2010-0332 (La. App. 3rd Cir. 11/3/10), 2010 WL 4325838, at *5 (unpublished). However, a night driver is not charged with the duty of guarding against striking unexpected or unusual obstructions which are difficult to see and which the driver had no reason to anticipate he would encounter on the highway. **Smith v. City of Monroe**, 52,605 (La. App. 2nd Cir. 4/10/19), 267 So. 3d 1218, 1222. Accordingly, a driver is liable for striking a pedestrian only when there is an opportunity to appreciate the pedestrian's peril in time to avoid the accident. **Wylie**, 2010 WL 4325838, at *5.

In their memorandum, the defendants argued the absence of factual support for the causation element essential to the plaintiffs' negligence action. The defendants argued that while driving down Airline Highway within the speed limit on the night of the accident, Ms. Price saw Mr. Foreman walk in front of her vehicle. She "swerved and stopped as soon as she could," but there was "nothing that she could have done to avoid this accident."

Independent witness Ramzy Laymon stated that on the night of the accident, he was driving northbound on Airline Highway. Mr. Laymon stated that his vehicle is equipped with high-intensity headlights that allow him to see from far distances. As he was driving, he stated that he saw a man run straight towards the front of his vehicle, but was able to quickly swerve just in time to avoid hitting the pedestrian. Mr. Laymon further stated that he saw the pedestrian continue to run in

front of other vehicles when he looked in his rearview mirror, and that eventually, he saw a vehicle hit the pedestrian, at which point he pulled over to be a witness for the police.

Ms. Price stated that on the night of the accident, she was driving northbound on Airline Highway within the speed limit when she saw what looked like an older man with white hair quickly walk in front of her vehicle. She stated that she attempted to swerve to the right as soon as she saw him, but that it was too late; she hit the pedestrian with the driver's side of her vehicle. She stated that as soon as she hit the pedestrian with her vehicle, she pulled onto the shoulder and dialed 911.

After reviewing the evidence, the defendants' accident reconstructionist expert, Michael S. Gillen, stated that conditions on the night of the accident were dry, clear, and dark. There were no streetlights illuminating Airline Highway in the area where the accident occurred, nor were there any pedestrian crossings. Mr. Gillen stated that Mr. Foreman was wearing dark upper body clothing, light lower body clothing, and no reflective materials. Mr. Foreman had parked his vehicle on the right shoulder of northbound Airline Highway, which could have distracted approaching drivers and provided a physical barrier limiting a potential escape path for any swerving vehicle.

Mr. Gillen stated that the typical time for a driver to perceive and react ("PRT") to a normal road event is 1.5 seconds, but unexpected or more complex events require more time for a person to process. A reduction in overall visibility in darkness may result in a PRT of 2.0 seconds or more. Mr. Gillen stated:

> Since Mr. Foreman was impacted by the left side of Ms. Price's [vehicle], Ms. Price would have been able to observe Mr. Foreman for at most 190ft from the point of impact (POI). Traveling at 55mph, Ms. Price would have been 29ft from when beginning an avoidance maneuver after a 2.0sec PRT. Ms. Price would not have been able to come to a stop in this distance with full

11

braking. If Ms. Price had applied full braking, she would have decelerated to 49mph and still would have impacted Mr. Foreman.

*******

Ms. Price's headlights would have illuminated approximately ... 190ft directly in front of her [vehicle] to its left. In the area of the accident, Mr. Foreman had approximately 0.7mi (3700ft) of unobstructed sight distance to approaching traffic. Mr. Foreman would be able to see approaching traffic traveling at 55mph for over 40sec before it reached his position. Mr. Foreman had a greater opportunity to observe approaching traffic.

*******

With his [high-intensity discharge headlamps] Mr. Laymon would have approximately 240ft illuminated in front of his vehicle on its left side (50ft more than Ms. Price). After a 2.0sec PRT, Mr. Laymon would have been able to perform a normal swerve at 55mph to avoid Mr. Foreman. [Footnotes omitted.]

While the defendants argued the absence of factual support for the legal cause element essential to the plaintiffs' negligence action, the arguments set forth in their memorandum and supporting documents actually pointed out the absence of factual support for the duty and breach elements essential to the plaintiffs' negligence action. The defendants have shown that while Ms. Price was statutorily obligated to exercise due care to avoid colliding with any pedestrian upon any roadway, she had no special duty to anticipate the presence of Mr. Foreman in Airline Highway where there was no crosswalk. See La. R.S. 32:213(A), La. R.S. 32:214, and **Uriegas**, 663 So. 2d at 172. Furthermore, as a night driver, Ms. Price had no duty to guard against striking an unexpected or unusual obstruction, such as a pedestrian, which was difficult to see and which she had no reason to anticipate she would encounter on Airline Highway. See **Smith**, 267 So. 3d at 1222. Furthermore, the defendants' expert testified that based on the conditions present at the time of the accident, there was no way Ms. Price could have avoided hitting Mr. Foreman with her vehicle. Thus, she cannot be liable for striking Mr. Foreman

when there was no opportunity to appreciate Mr. Foreman's peril in time to avoid the accident. See **Wylie**, 2010 WL 4325838, at *5.

Upon the defendants' demonstration of the lack of factual support for the duty and breach elements of the plaintiffs' claim, under La. C.C.P. art. 966(D)(1), the burden then shifted to the plaintiffs to produce factual support sufficient to establish the existence of a genuine issue of material fact, or that the defendants were not entitled to judgment as a matter of law. In opposition, the plaintiffs argued that the affidavit of Mr. Laymon conflicted with the police report and his prior handwritten statements to police such that genuine issues of material fact exist as to what Mr. Laymon did or did not see regarding the accident. The plaintiffs also averred that genuine issues of material fact exist regarding whether Ms. Price observed Mr. Foreman in sufficient time to avoid striking him, including whether Ms. Price saw other vehicles on the road brake and/or swerve to avoid a collision with Mr. Foreman. The plaintiffs also argued that genuine issues of material fact exist regarding the reliability of Mr. Gillen's testimony, averring that there was a lack of independent inspection or verification of the information reviewed by him.[3]

In support of their opposition, the plaintiffs attached the deposition of Ms. Price, which contains testimony consistent with her affidavit. At the hearing on the defendants' motion for summary judgment, the trial court stated: "In opposition, there's no real direct evidence or testimony that contradicts the Price, Laymon[,] or the Gillen affidavits. The only thing plaintiff offers is the deposition of Ms. Price, which in my opinion, doesn't change the facts."

---

[3] On appeal, the plaintiffs argue that Mr. Gillen did not provide his methodology in his affidavit to support his calculations on stopping times. However, the plaintiffs did not raise that issue below and cannot raise it for the first time on appeal. See **Poole v. Guy Hopkins Constr. Co.**, 2016-1450 (La. App. 1st Cir. 11/1/17), 233 So. 3d 165, 172 n.4, writ denied, 2017-2023 (La. 2/2/18), 235 So. 3d 1109. Moreover, any challenge to the qualifications or methodology of an expert must be raised in a pretrial motion in accordance with La. C.C.P. art. 1425(F). See **Adolph**, 227 So. 3d at 321.

13

We agree. The plaintiffs failed to produce evidence of a material factual dispute regarding the plaintiffs' negligence action; accordingly, summary judgment was proper. See **Holt**, 117 So. 3d at 184. Our review of the record shows that no genuine issues of material fact exist as to whether Ms. Price acted reasonably under the circumstances she encountered the night of February 21, 2016, which mandates summary judgment in her favor. Accordingly, the trial court's September 10, 2018 judgment is affirmed.

## DECREE

The trial court's September 10, 2018 judgment is affirmed. All costs of this appeal are assessed to the plaintiffs/appellants, Jacqueline F. Pottinger and Cassaundra M. Foreman.

**AFFIRMED.**